

# In the Court of Criminal Appeals of Texas

No. WR-71,535-02

EX PARTE CHRIS JOHN UTTON,

*Applicant*

On Application for a Writ of Habeas Corpus
Cause No. 704979-B in the 209th District Court
From Harris County

YEARY, J., filed a concurring opinion, in which SLAUGHTER, J., joined.

Applicant was convicted in 1998 of murder and sentenced to fifty-three years' imprisonment. The First Court of Appeals affirmed his conviction in 1999. *Utton v. State*, No. 01-99-00018-CR, 1999 WL 800163 (Tex. App.—Houston [1st Dist.] Oct. 7, 1999, no pet.). In March of 2009, Applicant filed an application for writ of habeas corpus in the county of

conviction. TEX. CODE CRIM. PROC. art. 11.07. In his application, he alleges that his appellate counsel was ineffective.

Today, the Court remands this application to the trial court to further develop the record. I join the Court's remand order. But I write separately to address my thoughts concerning the doctrine of laches and its possible application to this case. *See Ex parte Smith*, 444 S.W.3d 661 (Tex. Crim. App. 2014) (holding a trial court has the authority to *sua sponte* consider the doctrine of laches); *Ex parte Bazille*, ___ S.W.3d ___, No. WR-89,851-02, 2022 WL 108348 (Tex. Crim. App. Jan. 12, 2022) (Yeary, J., concurring).

The doctrine of laches ought to be considered in a case like this one. Applicant's appeal was finalized in 1999, but this writ application was not filed until almost ten years later.[1] The record is also silent regarding circumstances that may excuse Applicant's delay, and at least some explanation for the long delay in filing should be provided. Consistent with this Court's precedent, the trial court "may *sua sponte* consider and determine whether laches should bar relief." *Smith*, 444 S.W.3d at 667. If the trial court does so, it must give Applicant the opportunity to explain the reasons for the delay and give the State's prosecutors and/or former counsel for Applicant an opportunity to state whether Applicant's delay has caused any prejudice to their ability to defend against Applicant's claims. *Id.* at 670. And ultimately, the trial

---

[1] "Our revised approach will permit courts to more broadly consider the diminished memories of trial participants and the diminished availability of the State's evidence, both of which may often be said to occur beyond five years after a conviction becomes final." *Ex parte Perez*, 398 S.W.3d 206, 216 (Tex. Crim. App. 2013) (citing *Ex parte Steptoe*, 132 S.W.3d 434, 437–39 (Tex. Crim. App. 2004) (Cochran, J., dissenting)).

court may include findings of fact and conclusions of law concerning the doctrine of laches in its response to this Court's remand order.

With these additional thoughts, I join the Court's order.

**FILED:**                                    December 7, 2022
**DO NOT PUBLISH**